

FILED IN CHAMBERS
U.S.D.C. Atlanta

JAN 23 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES HARRIS, | :: | CIVIL ACTION NO. |
| Inmate # GDC 751506, | :: | 1:07-CV-3111-JEC |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| JAMES E. DONALD, et al., | :: | PRISONER CIVIL RIGHTS |
| Defendants. | :: | 42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, currently an inmate at Hancock State Prison (Hancock) in Sparta, Georgia, who was formerly incarcerated at Telfair State Prison (Telfair) in Helena, Georgia, has filed the instant *pro se* civil rights action [1], as amended [9], wherein he sues twenty-eight Defendants. Apparently, only Defendant James E. Donald, the Commissioner of the Georgia Department of Corrections (GDC), resides within the jurisdiction of this Court, and the remaining Defendants reside within the jurisdiction of the United States District Court for either the Middle District of Georgia, where Hancock is located, or the Southern District of Georgia, where Telfair is located, and where the events giving rise to this action allegedly occurred.

The matter is now before the Court for an initial screening. For the limited purpose of dismissing Commissioner Donald as a Defendant and transferring this case

AO 72A
(Rev.8/82)

to the Middle District of Georgia, leave to proceed *in forma pauperis* is hereby **GRANTED**.

## I. Legal Framework

A.  **28 U.S.C. § 1915A review**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally

2

cognizable right of action"). See Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

**B.    42 U.S.C. § 1983 cause of action**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

A § 1983 plaintiff may sue a state official such as Defendant Donald in either his individual or official capacity, Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989), but he may obtain only "prospective relief, including injunctive relief," when suing such a defendant in his official capacity, Edwards v. Wallace Community College, 49

F.3d 1517, 1524 (11th Cir. 1995). For a state official to be liable in his official capacity, the state itself must have been a "moving force" behind the alleged constitutional deprivation. Kentucky v. Graham, 473 U.S. 159, 166 (1985) (stating that "in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law"). See also Grech v. Clayton County, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc) (noting that § 1983 plaintiff may establish unconstitutional policy by identifying "either (1) an officially promulgated . . . policy or (2) an unofficial custom or practice . . . shown through the repeated acts of a final policymaker").

A § 1983 plaintiff may also sue a state official in his individual capacity for retrospective relief, including monetary damages. Hafer v. Melo, 502 U.S. 21, 30-31(1991). However, a § 1983 plaintiff may not sue a supervisory official simply on the basis of that official's supervisory status. See Marsh v. Butler County, 268 F.3d 1014, 1035 (11th Cir. 2001) (en banc) (noting that "[s]upervisory officials cannot be held liable [under § 1983] for the acts of employees solely on the basis of respondeat superior"). To state a claim for relief based on supervisory liability, a plaintiff must allege either that "the supervisor personally participate[d] in the alleged unconstitutional conduct or [that] there is a causal connection between [his] actions

4

. . . and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown if the supervisor failed to take corrective action despite "a history of widespread abuse" or had a custom or policy that resulted in a constitutional violation, or if the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id.

## C. Venue

Because there is no special venue statute for civil rights actions, the general venue statute, 28 U.S.C. § 1391, controls. See Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972). In relevant part, § 1391(b) provides that a civil action based on federal question jurisdiction, as is the case here, may be brought only in the judicial district where at least one defendant resides or in which a substantial part of the events giving rise to the claim occurred. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

5

## II. Plaintiff's Allegations

Plaintiff purports to sue the GDC's Commissioner in his individual and official capacities based on his "responsibilities for hiring and supervising [GDC] staff [and] maintaining inmate health, safety, [and] security." (Compl. [1] at 4.) Plaintiff raises thirteen separate claims, arising from the following allegations: (1) on April 29, 2007, he fell unconscious due to the unavailability of an Albuterol inhaler in his Telfair dormitory, and he was not treated promptly or revived in time for his morning meal, causing him to suffer various severe health consequences and "feeding discrimination" (Counts One, Two, Four, and Thirteen); (2) on May 3, 2007, he suffered violations of his bodily integrity during the course of his purported medical treatment, which included "various type body x rays" and "several false prescriptions" administered solely for the "research purposes" of a physician's assistant at Telfair (Count Three); (3) at both Telfair and Hancock, he has suffered unconstitutional restrictions on his First Amendment right to file "unlimited grievances," arising from GDC policies that, *inter alia,* allegedly allow an inmate to file only one grievance per week (Counts Five and Eight); (4) officials at Hancock failed to respond to his grievance regarding alleged interference with his legal mail (Count Nine); (5) a Hancock official violated his "due process right to bodily integrity" when, on November 21, 2007, the official

summoned Plaintiff to extract two DNA samples, ostensibly in preparation for his potential parole release date in June 2009, and allegedly in violation of O.C.G.A. § 24-4-61 (Count Six); (6) his exposure to environmental tobacco smoke at various state prisons, including Telfair and Hancock, has exacerbated his asthma condition, and he seeks a return to Rivers State Prison to be housed in a clean-air environment and a tobacco-free dormitory (Count Seven); (7) at Hancock, his reasonable expectations of privacy with respect to his legal mail (Count Ten) and his financial matters (Count Eleven) have been violated (the latter violation arising from a GDC Standard Operating Procedure that allegedly limits the individuals from whom he may receive funds and the amount of money he may "send out" each month), although he does not state when these violations allegedly occurred; and (8) also at Hancock, he was sexually harassed by a fellow prisoner due to an "inadequate staff presence" to prevent the molestation (Count Twelve). (Compl. at 8-29; Am. Compl. at 9-10.)

Plaintiff admits that, as of December 10, 2007, when he signed and submitted the instant complaint, he had not exhausted his administrative remedies with respect to Counts Eleven and Twelve. (Compl. at 29.) It also appears unlikely that, by that time, Plaintiff had exhausted his administrative remedies with respect to the Count Six

7

AO 72A
(Rev.8/82)

incident, which allegedly occurred on November 21, 2007, nineteen days previously.[1] Plaintiff seeks damages and various forms of preliminary and permanent injunctive relief. (Id. at 30; see Mots. [5-7].)

### III. Analysis

It is apparent from Plaintiff's complaint that Counts One through Four, Count Ten, and Count Thirteen arise from the alleged individual actions of Telfair and Hancock officials and do not involve a policy or custom of the GDC, the personal participation of Defendant Donald, or a causal connection between his actions or omissions and the alleged violations. It is also apparent that Plaintiff has failed to exhaust his administrative remedies with respect to Counts Six, Eleven, and Twelve, and, therefore, he may not pursue those claims herein. See 42 U.S.C. § 1997e(a). Moreover, Plaintiff has no viable § 1983 claim regarding the implementation of the GDC's inmate grievance procedure. See Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989) (implying, without holding explicitly, that state prisoner has "no entitlement to a [prison] grievance procedure under the Federal Constitution").

---

[1] The GDC has adopted a three-step grievance procedure for state prisoners: (1) a written informal grievance, (2) a written formal grievance filed with the Warden of the inmate's place of incarceration, and (3) an appeal to the Office of the GDC's Commissioner. See GDC Standard Operating Procedures, Statewide Grievance Procedure, Ref. No. IIB05-0001, §§ VI.B.-D.

See also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there "is no legitimate claim of entitlement to a grievance procedure" and, therefore, no protectable liberty interest in any such procedure). Therefore, Plaintiff may not pursue Counts Five, Eight, and Nine against any Defendant, including Commissioner Donald. Finally, there is no indication in Plaintiff's complaint that the Commissioner is amenable to Plaintiff's Count Seven claim (seeking a transfer to a smoke-free environment) based on a policy or custom adopted by the GDC or by the Commissioner himself, or based on any of the Commissioner's actions or omissions. (See Mot. for Prelim. Inj. [7] at 1 (noting the GDC's "no-smoking policies," which, however, Plaintiff characterizes as "frivolous").) In sum, Plaintiff may not pursue any of his claims against Commissioner Donald, in either the Commissioner's individual or official capacity.

## IV. Conclusion

Accordingly, Commissioner Donald is hereby **DISMISSED** from this action. Moreover, because the gravamen of Plaintiff's complaint involves events that allegedly occurred, and Defendants who apparently reside, outside the jurisdiction of this Court, this action is **TRANSFERRED** for further proceedings to the United States District Court for the Middle District of Georgia, where Plaintiff currently is

incarcerated, along with all orders, motions, pleadings, and exhibits filed herein. This Court refrains from ruling on Plaintiff's request to proceed *in forma pauperi*s [2] with respect to his claims against the remaining Defendants, Plaintiff's motion for appointment of counsel [3], Plaintiff's motions for service of the complaint [4] and the amended complaint [8], and Plaintiff's motions for preliminary relief [5-7].

      **IT IS SO ORDERED** this 22 day of January, 2008.

      _____
      JULIE E. CARNES
      UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)